**Dated: July 10, 2023**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**JERRY ORELL MCNEECE, JR.**             Case No. 23-80021-PRT
**DEBBORRAH SUE REAL,**                  Chapter 7
         Debtors.

**JERILYN HENDRICKSON-SKANES**

         **Plaintiff,**

v.                                                            Adv. Case No. 23-8012-PRT

**JERRY ORELL MCNEECE, JR.**

         **Defendant.**

<u>**ORDER OF DISMISSAL**</u>

Before the Court is Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b),

(Docket No. 18), and Plaintiff's Objection (Docket No. 24). The Court held a hearing on this matter on June 14, 2023, attended by Nicholas E. Grant, counsel for Defendant, and Plaintiff. After review of the parties' pleadings and applicable law, the Court finds that Defendant's Motion should be granted, and this case should be dismissed.

**Background**

Defendant Jerry McNeece, Jr. ("McNeece") and his wife filed a chapter 7 bankruptcy case on January 13, 2023.[1] Plaintiff Jerilyn Hendrickson-Skanes ("Hendrickson-Skanes") was listed on Schedule E/F as a creditor with an unsecured debt, described as a Small Claims Judgment in the amount of $4,900.00.[2] The Bankruptcy Court Clerk then issued Form 309A, giving notice to creditors that the bankruptcy case had been filed, including certain information regarding the case, and setting a deadline of April 7, 2023 to file a complaint pursuant to 11 U.S.C. § 523(a)(2), (4), or (6) to except a debt from discharge.[3] Hendrickson-Skanes filed a Motion to Dismiss Case and Waive Pacer fees, alleging McNeece committed perjury during his 341 meeting and on his bankruptcy schedules.[4] The Court held a hearing on this Motion on March 15, 2023. Hendrickson-Skanes appeared and participated in this hearing. The Court advised her at that hearing, and in the Order denying her Motion to Dismiss, that if she wished to object to McNeece's discharge or obtain a ruling that her debt should not be discharged, she needed to file an adversary case seeking that relief by April 7, 2023.[5]

---

[1] Case No. 23-80021, Docket No. 1.
[2] Case No. 23-80021, Docket No. 1, pg. 27.
[3] Case No. 23-80021, Docket No. 4. Hendrickson-Skanes was mailed a copy of this Form. See Docket No. 6.
[4] Case No. 23-80021, Docket No. 9.
[5] Case No. 23-80021, Docket No. 28 ("Creditor Jerilyn Hendrickson-Skanes was reminded that the deadline for objecting to discharge or to except a debt from discharge is April 7, 2023.") Hendrickson-Skanes was mailed a copy of this order. See Docket No. 29.

Hendrickson-Skanes filed this adversary case on April 11, 2023.[6] The Complaint seeks to except her October 2021 judgment against McNeece of $4,900.00 plus fees and interest from discharge pursuant to 11 U.S.C. § 523(a)(6). She also cites 42 U.S.C. § 10606(B) as grounds to except this debt from discharge as she alleges that she is a domestic violence survivor and that McNeece is her abuser. In a letter to the Court, she advised that she knew her Complaint was technically late, that she had attempted to obtain assistance from attorneys but was unsuccessful, that she had been advised the courthouse was closed April 7, 2023 due to Good Friday,[7] and that she and her doctor determined it would be unsafe for her to drive to the courthouse in Muskogee "in my current mental health state".[8] She attached what she described as text messages between herself and a friend who worked in a legal office.

McNeece moves for dismissal pursuant to Fed. R. Civ. P. 12(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). He argues Hendrickson-Skanes fails to state a claim upon which relief may be granted because she filed the Complaint on April 11, 2023, four days after the deadline set forth in Fed. R. Bankr. P. 4007. McNeece also seeks dismissal of her claim regarding 42 U.S.C. § 10606(B) as that statute has been repealed.

Hendrickson-Skanes argues that her case should not be dismissed because she attempted to obtain legal help but was unable to do so, as is evidenced in the text messages she provided in her Letter to the Court dated April 7, 2023, and filed April 11, 2023. She also explains that she was in fear for her life due to McNeece's previous violent behavior. She asks the Court to provide special accommodations to her pursuant to the Americans With Disability Act, as she needs

---

[6] Docket No. 1.
[7] The Eastern District Courthouse, Muskogee, Oklahoma, was open to the public on April 7, 2023.
[8] Docket No. 4.

additional time to perform mental and physical tasks and has difficulty with comprehension and retention skills. She also argues that McNeece does not come to the Court with "clean hands," and that she is unable to afford legal counsel. She offers to provide medical records "upon request." The Court did not request the medical records and Hendrickson-Skanes did not offer them during the hearing on McNeece's Motion to Dismiss.

**Standard of Decision**

A motion to dismiss for failure to state a claim upon which relief can be granted brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint to ensure that it contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face.[9] A motion to dismiss for failure to comply with the time limits set forth in procedural rules must be timely raised, otherwise such rules may be waived or forfeited.[10]

**Analysis**

Creditors seeking to except a debt specified in § 523(a)(2), (4) or (6) from a debtor's discharge must file an adversary complaint seeking a determination from the court that the debt fits into one of those paragraphs.[11] Federal Rule of Bankruptcy Procedure 4007(c) fixes the deadline to file a dischargeability complaint raising issues under paragraphs (2), (4) or (6) of § 523(a) in chapter 7 cases.[12] The deadline is 60 days after the first date set for the meeting of

---

[9] Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).
[10] *See Dennie v. Ochs (In re Ochs),* 608 B.R. 252 (Bankr. D. Colo. 2019) citing *Hamer v. Neighborhood Hous. Serv.s of Chicago,* - U.S. - , 138 S. Ct. 13, 199 L. Ed. 2d 249 (2017).
[11] 11 U.S.C. § 523(c); Fed. R. Bankr. 7001((6).
[12] Fed. R. Bankr. P. 4007(c).

creditors held pursuant to § 341. This deadline may be extended by the court for cause if a party in interest files a motion to extend the deadline prior to the expiration of the 60 day deadline.[13] The day this bankruptcy case was filed on January 13, 2023, the Court Clerk gave creditors – including Hendrickson-Skanes – notice in Form 309A that the deadline to file a complaint pursuant to 11 U.S.C. § 523(a)(2), (4), or (6) to except a debt from discharge was April 7, 2023.[14] Hendrickson-Skanes was also notified of this deadline in person by this court at the hearing held on March 15, 2023, and in the court's written order resulting from that hearing.[15] No motion to extend this deadline was presented to the court. In a letter filed with her Complaint, Hendrickson-Skanes admitted that she knew the filing was "technically late."[16] She asks for leeway because she did attempt to obtain legal assistance and because of her medical issues.

Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.[17] Strict enforcement of Rule 4007(c) is mandatory.[18] This rule "sets a bar date akin to a statute of limitations."[19] Although the court has sympathy for Hendrickson-Skanes and the challenges she has faced, once the deadline has passed, it has no authority to extend it to allow this case to proceed.[20] There is no question that Hendrickson-Skanes was given sufficient notice of the deadline and knew the deadline to file her case was April 7, 2023. Because McNeece has properly

---

[13] Fed. R. Bankr. P. 4007(c). *See Walker v. Wilde (In re Walker),* 91 B.R. 968 (Bankr. D. Utah 1988), *aff'd,* 103 B.R. 281 (D. Utah 1989); *aff'd in part, rev'd in part and remanded,* 927 F.2d 1138 (10th Cir. 1991).
[14] Case No. 23-80021, Docket No. 4. Hendrickson-Skanes was mailed a copy of this Form. See Docket No. 6.
[15] Case No. 23-80021, Docket No. 28.
[16] Docket No. 4.
[17] *Taylor v. Freeland & Kronz,* 503 U.S. 638, 644, 112 S. Ct. 1644, 1648, 118 L. Ed. 2d 280 (1992).
[18] *Ochs,* 608 B.R. at 257 (citations omitted).
[19] *Walker*, 91 B.R. at 979 (citations omitted).
[20] *See Themy v. Yu (In re Themy),* 6 F.3d 688, 689 (10th Cir. 1993) (citations omitted).

challenged the timeliness of this adversary complaint at the beginning of this case, the court must enforce Rule 4007(c) and dismiss this action as untimely.

Hendrickson-Skanes' Complaint also cites 42 U.S.C. § 10606(B) as a cause of action to except her debt from discharge. This statute was repealed effective October 30, 2004.[21] Formerly, this statute was part of Chapter 112 of Title 42, regarding Victim Compensation and Assistance. Portions of this Chapter were transferred to Title 34, Chapter 201 regarding Victim Rights, Compensation, and Assistance. However, § 10606(B) was not one of the sections transferred and included in this statutory scheme. Accordingly, Hendrickson-Skanes' Complaint seeking discharge under § 10606(B) does not state a claim upon which relief can be granted and must therefore be dismissed.

**Order**

For the above and foregoing reasons, the action must be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss (Docket No. 18) is **granted,** and this case is hereby **dismissed.**

###

---

[21] 42 U.S.C. § 10606: Repealed. Pub. L. 108-405, Title I, § 102(c), Oct. 30, 2004, 118 Stat. 2264.